﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/30/19

DOCKET NO. 190923-33346
DATE: October 31, 2019

ORDER

Restoration of a 100 percent rating for residuals of prostate cancer from November 1, 2019 is denied. 

FINDINGS OF FACT

1. A May 2018 rating decision both granted 100 percent rating for service-connected prostate cancer at 100 percent from November 16, 2016, and proposed to reduce the assigned rating to 0 percent.

2. The procedural requirements for a reduction of the disability rating for residuals of prostate cancer from 100 percent to 0 percent were satisfied June 2018 letter.

3. At the time of the reduction, the rating had not been in effect 5 or more years for residuals of prostate cancer; an August 2019 rating decision effectuated the proposed reduction, effective from November 1, 2019, based examination findings showing remission, along with the absence of voiding dysfunction, recurrent symptomatic urinary tract or kidney infections, erectile dysfunction, or any other residual conditions and/or complications due to prostate cancer or treatment therefor.

CONCLUSION OF LAW

The criteria for restoration of a 100 percent disability rating for residuals of prostate cancer are not met. 38 U.S.C. §§ 5107(b), 5112; 38 C.F.R. §§ 3.105(e), 3.344, 4.3, 4.115a, 4.115b, Diagnostic Code 7528.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from September 1965 to September 1967. 

The Veteran chose to participate in the Rapid Appeals Modernization Program (RAMP). 

This matter is before the Board of Veterans’ Appeals (Board) on appeal from an August 2019 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). The Board received VA Form 10182 (Board Appeal: Notice of Disagreement) on September 23, 2019 from the Veteran, which reflects that he selected the direct review option by a Veterans Law Judge. An April 2019 Board letter notified the Veteran and his representative that his appeal was placed on the Direct Review docket.

Entitlement to restoration of a 100 percent rating for residuals of prostate cancer from November 1, 2019.

The Veteran contends that a 100 percent rating should be continued for residuals of prostate cancer because, in 2016, his prostate cancer was treated with radiation therapy. He has not asserted that he is currently receiving radiation therapy or any other treatment or that he currently has an active malignancy, only that he received such treatment in the past. 

An August 2017 rating decision granted service connection for prostate cancer was and assigned an initial noncompensable (0 percent) disability rating, effective November 16, 2016, the date the Veteran filed his claim. Thereafter, a May 2018 rating decision granted a 100 percent rating effective November 16, 2016, the date the Veteran filed his claim, but proposed to reduce the Veteran’s rating pursuant to Diagnostic Code 7528. Diagnostic Code 7528 pertains to malignant neoplasms of the genitourinary system and provides that following the cessation of surgical, X-ray, antineoplastic chemotherapy or other therapeutic procedure, the rating of 100 percent shall continue with a mandatory VA examination at the expiration of six months. 38 C.F.R. § 4.115b. If there has been no local reoccurrence or metastasis, the disability is to be rated on residuals such as voiding dysfunction or renal dysfunction, whichever is predominant. Only the predominant area of dysfunction is to be considered for rating purposes to avoid violating the rule against the pyramiding of disabilities. 38 C.F.R. §§ 4.14, 4.115a. An August 2019 decision reduced the Veteran’s rating to 0 percent, effective November 1, 2019, noting that a May 2017 VA examination showed no residual disability associated with the Veteran’s prostate cancer or treatment. 

The Board concludes that the preponderance of the evidence is against restoration of a 100 percent rating for prostate cancer residuals as the correct procedures for reduction of the rating were followed and because examination reflects the absence of ratable symptoms following cessation of therapeutic treatment based on May 2017 VA examination findings. 38 U.S.C. §§ 5107 (b), 5112; 38 C.F.R. §§ 3.105 (e), 3.344, 4.3, 4.115a, 4.115b, DC 7528.

Pursuant to 38 C.F.R. § 3.105(e), where a reduction in the evaluation of a service-connected disability is considered warranted and the lower evaluation would result in a reduction or discontinuance of compensation payments currently being made, a rating proposing the reduction or discontinuance will be prepared setting forth all material facts and reasons. The beneficiary will be notified at his or her latest address of record of the contemplated action and furnished detailed reasons therefore, and will be given 60 days for the presentation of additional evidence to show that compensation payments should be continued at their present level. Final rating action will reduce or discontinue the compensation effective the last day of the month in which a 60-day period from the date of notice to the beneficiary of the final rating action expires. 38 C.F.R. § 3.105(e).

Here, the RO complied with the procedures required under 38 C.F.R. § 3.105(e) for reducing the Veteran’s disability rating. In a June 2018 letter, the RO notified the Veteran of the proposed reduction in benefits and his due process rights to include that no action would be taken on the proposed reduction for 60 days following the date of the notification letter, and that he should provide evidence showing that the proposed reduction is not warranted. An August 2019 rating decision effectuated the proposed reduction by assigning a 0 percent rating for residuals of prostate cancer. The Board finds that the RO complied with the procedural requirements of 38 C.F.R. § 3.105(e) to include the effective date of the reduction. See 38 C.F.R. § 3.105 (e) (Final rating action will reduce or discontinue the compensation effective the last day of the month in which a 60-day period from the date of notice to the beneficiary of the final rating action expires).

Reducing a rating also brings concurrent substantive requirements that must be followed. Where a disability rating has been in effect less than five years, a rating reduction is warranted where reexamination of the disability discloses improvement of that disability. 38 C.F.R. § 3.344 (c). In making this determination, VA is required to comply with several regulations applicable to all rating-reduction cases, regardless of the rating level or the length of time that the rating has been in effect. 38 C.F.R. §§ 4.1, 4.2, 4.10, 4.13; Brown v. Brown, 5 Vet. App. 213, 413, 420 (1993). 

These provisions impose a clear requirement that VA rating reductions be based upon review of the entire history of the veteran’s disability. Schafrath v. Derwinski, 1 Vet. App. 589, 594 (1991). Such review requires VA to ascertain, based upon review of the entire recorded history of the condition, whether the evidence reflects an actual change in the disability and whether the examination reports reflecting such change are based upon thorough examinations. Thus, in any rating reduction case not only must it be determined that an improvement in a disability has actually occurred but also that that improvement actually reflects an improvement in the veteran’s ability to function under the ordinary conditions of life and work. 38 C.F.R. §§ 4.2, 4.10, 4.13; Faust v. West, 13 Vet. App. 342, 350 (2000).

Here, the record shows no active malignancy since the Veteran completed radiation treatment in December 2016. Accordingly, the Board finds that an assignment of a 100 percent disability rating under Diagnostic Code 7528 for the Veteran’s residuals of prostate cancer is not supported by medical evidence, as the Veteran is currently in remission and no longer receiving treatment of any kind. 

The Veteran has argued that because he received radiation treatment for his prostate cancer from October 2016 to December 2016, his total disability evaluation should be continued. However, this argument misconstrues Diagnostic Code 7528, which makes clear that a total disability evaluation is warranted for prostate cancer only while he is receiving treatment for prostate cancer or has an active malignancy. See 38 C.F.R. § 4.115b, Diagnostic Code 7528. Once treatment ends, the diagnostic code mandates that the veteran receive an examination and if there has been no local reoccurrence or metastasis, the disability is to be rated on residuals such as voiding dysfunction or renal dysfunction. 

In this case, the Veteran was afforded a VA examination in May 2017, which determined that his prostate cancer is in remission and that he does not have any voiding dysfunction, recurrent symptomatic urinary tract or kidney infections, erectile dysfunction, or any other residual conditions and/or complications due to prostate cancer or treatment for prostate cancer. Importantly, the Veteran has not contested the examiner’s findings nor is there any evidence of record that he has any residual voiding or renal dysfunction due to his service-connected prostate cancer or treatment for prostate cancer. 

Thus, in the absence of any current disability associated with the residuals of his prostate cancer, the Board finds that the preponderance of the evidence is against restoration of a 100 percent rating from November 1, 2019. If in the future, the Veteran suffers a remission of his prostate cancer or develops new symptoms he believes are related to his cancer, he can submit a new claim for a higher rating. 

Accordingly, the claim is denied. There is no doubt to resolve. 38 U.S.C. § 5107(b). 

 

C.A. SKOW

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Department of Veterans Affairs

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.